102811Nf

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

NORTHERN IOWA TELEPHONE CO. ,
SOUTH SLOPE COOPERATIVE TELEPHONE
CO., WEST IOWA TELEPHONE CO. d/b/a
WESTEL SYSTEMS, and WEST LIBERTY
TELEPHONE CO. d/b/a LIBERTY
COMMUNICATIONATIONS, )
)
)                            No. C11-4022 EJM
Plaintiffs,           )
)                            ORDER
v.                                       )
)
AT & T CORP.,                            )
)
Defendant.          )

    This matter is before the court on plaintiffs' resisted Motion to Stay, filed March 10, 2011, and on defendant's resisted Motion to Dismiss Counts 2 and 3, filed May 2, 2011. Briefing concluded on May 16, 2011. Motions to Dismiss denied. Stayed. Referred to the Federal Communications Commission.

    Plaintiffs bring this action for damages and equitable relief against defendant in the following counts: Count 1 -Collection Action Pursuant to Federal Tariff; Count 2 – Violation of Section 201 of the Communications Act, 47 USC §201 Nonpayment of Tariffed Access Charges; Count 3 – Violation of Section 203 of the Communications Act, 47 USC §203, Procurement of Access Service at Rates Not Authorized by Plaintiffs' Tariffs; Count 4 – Quantum Meruit; and Count 5 – Unjust Enrichment.

Plaintiff Northern Iowa Telephone Company is an Iowa corporation with its principal place of business in Sioux Center, Iowa. Plaintiff South Slope Cooperative Telephone Co. is a cooperative association incorporated under IC §499, with its principal place of business in North Liberty, Iowa. Plaintiff West Iowa Telephone Company d/b/a Westel Systems is an Iowa corporation with its principal place of business in Remsen, Iowa. Plaintiff West Liberty Telephone Company d/b/a Liberty Communications is an Iowa corporation with its principal place of business in West Liberty, Iowa. Defendant AT&T is a New York corporation with its principal place of business in Bedminster, New Jersey. The amount in controversy exceeds $75,000. Jurisdiction is based on 28 USC §§1331 and 1332.

From review of the Complaint, it appears that plaintiffs are local exchange carriers (LEC's) that provide local and long-distance telecommunications services to Iowa customers. Defendant is a provider of long-distance telephone service, known as an interexchange carrier (IXC), providing services that enable calls to be transmitted from one local exchange area to another local exchange area. Plaintiff LECs provide "switched access service" to the defendant IXC for the origination, transport, or termination of calls to or from customers in a local exchange area, for which the defendant IXC pays an "access charge" to plaintiffs. The access charges that are the subject of this action involve only interstate calls.

Plaintiffs assert they provided interstate exchange access under their federal tariffs, and that their rates are compliant with the rules of the FCC. They urge that nonparty Iowa Network Services (INS) provides centralized equal access

telecommunications services in Iowa, providing a network through which defendant sends traffic to, and receives traffic from, the plaintiffs. As characterized by plaintiffs, defendant asserts that plaintiffs are obligated to deliver and receive the switched access traffic to and from the INS network at a point of interconnection with each plaintiff's own network that is closest to that plaintiff's operating territory, and that plaintiffs have instead established a more remote point of interconnectivity, to wit, Des Moines, Iowa, and plaintiffs are therefore overcharging defendant for delivery and receipt of the switched access traffic at that more distant point of interconnection.

Plaintiffs urge that beginning with plaintiffs' invoices from April, 2008, defendant began withholding payment for the claimed overcharges, as well as offsetting amounts contended to have previously been overcharged and overpaid from April, 2006, through March, 2008.

Plaintiffs assert that in withholding payment, defendant did not follow the dispute resolution provisions of plaintiffs' tariffs. Plaintiffs assert that they are entitled to manage their networks, that they have the unqualified right to determine how to route their traffic on the INS network, and that there is no merit in defendant's contention that plaintiffs must designate a point of interconnectivity closest to their respective operating territories. Plaintiffs urge that the switched access service provided defendant is pursuant to NECA FCC Tariff No. 5, and that plaintiffs have the right to select a point of interconnection on the INS network thereunder.

In Count 1 (Collection Action Pursuant to Federal Tariff), plaintiffs assert defendant has failed to pay for the provision of switched access traffic as set forth in their federal tariffs, that the tariffs are equivalent to contracts and have the force of law, and that they are entitled to collect the access charges together with late fees, interest, costs, and attorneys' fees.

In Count 2 (Violation of Section 201 of the Communications Act, 47 USC §201 Nonpayment of Tariffed Access Charges), plaintiffs assert defendant has engaged in unjust and unreasonable practices in violation of 47 USC §201, to wit, unlawful self-help by refusal to pay access charges owed, and withholding claimed past overpayments, and that plaintiffs are entitled to actual and punitive damages, interest, costs, and attorneys' fees.

In Count 3 (Violation of Section 203 of the Communications Act, 47 USC §203 Procurement of Access Service at Rates Not Authorized by Plaintiffs' Tariffs), plaintiffs assert that they had valid access tariffs on file with the FCC, defendant refused to pay for access services obtained from plaintiffs, and therefore by refusal to pay access charges defendant has essentially demanded and obtained services at rates not authorized by plaintiffs' filed tariffs in violation of Section 203(c). Plaintiffs seek actual and punitive damages, together with interest, costs, and attorneys' fees.

In Count 4 (Quantum Meruit), plaintiffs assert they have provided switched access services to defendant, and that if the services are found to fall outside

plaintiffs' tariffs, they are entitled to recover the reasonable value of the services under the theory of quantum meruit, together with interest and costs.

In Count 5 (Unjust Enrichment), plaintiffs assert they have provided switched access services to defendant, that defendant has accepted, used, and benefited from the services, but has failed to pay for the services, and defendant has therefore been unjustly enriched. Plaintiffs assert that if it is found the services fall outside of plaintiffs' tariffs, they are entitled to recover the value of the services under the theory of unjust enrichment, together with interest and costs.

Plaintiffs seek to have this action stayed, urging that identical allegations are present in a case pending in this district, 8cv1042 Alpine LLC, et al., v. AT&T, involving the same claims, same essential facts, the same tariffs and/or contracts, and the same defendant, and that the Alpine case has been referred to the FCC for determination under the doctrine of primary jurisdiction. Plaintiffs assert that in the interest of judicial economy, this matter should be stayed until resolution of Alpine. In support, plaintiffs urge that the benefits of a stay outweigh any associated costs, with benefits including consideration and resolution of identical issues in both proceedings, streamlining of claims, defenses, discovery and evidence, minimization of the risk of inconsistent judgments, reduction of costs, and increased settlement potential.

Defendant resists plaintiffs' Motion for Stay. Defendant agrees that there is no dispute that this action raises the same issues as Alpine. However, defendant asserts that the appropriate approach for this action is to either immediately consider

referral of this action to the FCC, or alternatively, defendant suggests that this action proceed, and after further development of the record, the dispute in this action may then be narrowed or resolved here by responsive pleadings, motions, and potential resolution thereof, and/or be then ripe for referral to the FCC.

It appearing undisputed that this matter raises the same issues as those raised in 8cv1042 Alpine LLC et al. v. AT&T, for the reasons discussed in the court's order of December 16, 2010 therein referring that matter to the FCC, it is the court's view that this matter should be referred to the FCC for resolution of the issues herein to the full extent of the FCC's jurisdiction. The instant Motion to Dismiss shall be denied without prejudice, this action shall be stayed, and the matter referred to the FCC in accordance herewith.

It is therefore

ORDERED

1.    Motion to Dismiss denied in accordance herewith.

2.    Stayed.

3.    This matter is referred to the FCC for resolution of the issues herein to the full extent of the FCC's jurisdiction. The parties shall forthwith contact the FCC to determine the appropriate manner in which to bring this matter before the FCC, and shall then forthwith initiate proceedings in accordance therewith.

4.     The parties shall file a joint status report by not later than February 1,

2012, and quarterly thereafter.


October 28, 2011.

Edward J.  McManus, Judge
UNITED STATES DISTRICT COURT